COUNTY COMMISSIONER PROCEEDINGS — STANDARDS FOR REQUIRED PUBLICATIONS Publications of Official County Commissioner proceedings and periodic fiscal reports under 19 O.S. 444 [19-444] (1961) and 6 O.S. 209 [6-209](B) (1970), respectively, must adhere to the standards enumerated by 25 O.S. 106 [25-106] (1970). The Attorney General has had under consideration your request for an opinion dated May 4, 1971, wherein you asked the following questions: "1. Since Title 19 O.S. 444 [19-444] (1961) requires that the official proceedings of County Commissioner meetings be published, is it necessary that said publication adhere to the requirements enumerated by Title 25 O.S. 106 [25-106] (1970)? "2. Since Title 6 O.S. 209 [6-209](B) (1970) requires banks and trust companies to publish fiscal reports at the request of the Banking Commissioner, is it necessary that such publication comply with the requirements of Title 25 O.S. 106 [25-106] (1970)?" The publication of official County Commissioner proceedings is required in 19 O.S. 444 [19-444] (1961) by the following language: "It shall be the mandatory duty of the Board of County Commissioners to cause to be published in a newspaper published in the county, a full and complete report of all their official proceedings at each regular and special meeting. . ." Title 6 O.S. 209 [6-209](B) (1970) requires of Banks and Trust Companies the publication of periodic fiscal reports by stating: "Every bank shall make three (3) reports each year and often if called upon by the Commissioner and according to the form which may be prescribed by him and every trust company prescribed by him. . . * * * ". . . by one insertion in a legal newspaper published in the city or town in which such bank or trust company is established, except that, in the event a legal newspaper is not published within the City or town in which such bank or trust company is established, the publication service required shall be made in a legal newspaper published in the county in which such bank or trust company is established,. . ." The pertinent portion of 25 O.S. 106 [25-106] (1970) read as follows: "No legal notice, advertisement or publication of any kind required or provided by any of the laws of the State of Oklahoma to be published in a newspaper shall have any force or effect as such unless the same be published in a newspaper of the County which, during a period of one hundred four (104) consecutive weeks immediately prior to the first publication of such notice, advertisement or publication: (a) Has maintained a paid general subscription circulation in such county, (b) Has been admitted to the United States Mails as second class mail matter, (c) Has been printed in the county where delivered to the United States Mail, except that publication in a newspaper otherwise meeting the requirements of this Act which is printed within the corporate limits of a city or town located in two counties and is delivered to the United States Mails in such county or town, but not in the County where printed, shall be valid in the County where such newspaper is printed and, (d) Has been continuously and uninterruptedly published in such county. (Emphasis added)" A plain reading of the above language, and a strict interpretation of the same, clearly indicates that both the official proceedings of the County Commissioners and the reports required by the Banking Commissioner require publication in the manner prescribed by 25 O.S. 106 [25-106] (1970). The particular language of Section 106 providing that "a publication of any kind required or provided by any of the laws of the State of Oklahoma" adhere to certain standards makes it abundantly clear that all notices and publications meet these restrictions. Certainly, the fiscal reports and official proceedings required published by 6 O.S. 209 [6-209] (1970) and 19 O.S. 444 [19-444] (1961), respectively, come within the purview of this language. A failure to comply therewith would render such a publication without "force and effect". It is, therefore, the opinion of the Attorney General that the answer to both questions be in the affirmative, and that all legal notices, publications and reports made under the provisions of 19 O.S. 444 [19-444] (1961) and 6 O.S. 209 [6-209](B) (1970) be published in compliance with 25 O.S. 106 [25-106] (1970). (Michael D. Tinney)